IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EaglePicher Incorporated,<br><br>    Plaintiff,<br><br>vs.<br><br>Federal Insurance Company, et al.,<br><br>    Defendant. | No. CV-04-870-PHX-MHM<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Two motions have been referred to this court for a report and recommendation.

Five areas of dispute are identified and briefed in the two motions and will be dealt with in turn.

**A. Expert Interrogatory No. 9**

Zurich American Insurance Company ("Zurich") complains that EaglePicher Management Corporation ("EPMC") will not answer a straightforward question regarding the field of expertise of EPMC's expert Michael A. Rodman ("Rodman"). Zurich contends it should know Rodman's area of expertise so it can adequately prepare for his deposition. Knowing the area of expertise, Zurich contends, will allow it to look into whether it is a generally recognized area of expertise, and if so, what qualifications are needed to be considered an expert in the field. It will also allow Zurich to determine whether there are

professional organizations for this expertise, and if so, is Rodman a member. Zurich cites several more examples of why it is important to know, rather than infer, the area of expertise professed by Rodman for a proper and thorough deposition preparation. EPMC responds that it has disclosed Rodman's field of expertise and refers the court to Rodman's written report (attached as Ex. A to Doc. #119) and rather flippantly advises Zurich's counsel to "ask him yourself" at his deposition.

In the first place, EPMC has not disclosed Rodman's field of expertise. That was the purpose of expert interrogatory #9 which EPMC has refused to answer. Second, Rodman's written report does not specifically state his field of expertise. It may be inferred, but Zurich is not required to suppose such information in preparation for a deposition or cross examination in trial. Finally, specification of an expert's field of expertise is necessary for a court to properly perform its role in areas such as a Daubert hearing. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Counsel's refusal to answer this elementary and important interrogatory, and the subsequent defense of its actions, has been a waste of this court's time and EPMC's money. This type of nonsense should be sanctioned.

**B. Communications Between EaglePicher, Inc. And Federal Insurance Company**

Zurich claims EPMC should produce all the written communications between EaglePicher, Inc. ("EPI") (EPMC's assignor) and Federal Insurance Company ("Federal").

John Franklin Brock ("Brock") allegedly embezzled in excess of $8,000,000 from EPI. After discovering the loss, EPI filed claims against Zurich whose policy was in effect when Brock was arrested, and Federal, whose policy was in effect during some of the years in which Brock allegedly embezzled from EPI. Federal settled with EPI. Federal paid a total of $400,000 to resolve its part of the case and the Settlement Agreement and Release memorializing the agreement has been provided to Zurich.

Zurich contends it is entitled to the correspondence leading up to the settlement as there is an overlap in EPMC's claims. Zurich claims that much of the damages sought against it have been paid to EMPC's predecessor EPI, through the settlement with Federal.

To avoid an unjust "double recovery" Zurich contends it should be able to scrutinize how the settlement was calculated and on what basis. EPMC cites Rule 408, Fed. R. Evid. in response.

Rule 408 makes evidence of settlement of a disputed claim inadmissible when offered as an admission of liability or the amount of liability. Rule 408 is an evidentiary rule, not a discovery rule. The tension, of course, is between the need to facilitate settlement and the search for the truth through disclosure of facts related to that goal. As this is a discovery dispute, not a request for a ruling on admission of evidence, this court prefers to look at the applicable discovery rule.

Rule 26(b)(1), Fed.R.Civ.P. provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Herbert v. Lamke, 441 U.S. 153 (1979). (The question of admissibility at trial is not determinative of whether communications must be produced.)

What the trier of fact hears and is provided at trial is left for another day. Today, Zurich is entitled to review the correspondence leading up to the settlement agreement with co-defendant Federal. The relevance derives from a potential overlapping of recovery regarding the Federal and Zurich policies; the potentially admissible evidence would be facts asserted by EPI in support of its effort to settle with Federal.[1]

**C. Communications with Aon Risk Services of Ohio**

EPMC contends that all communications with Aon Risk Services of Ohio, Inc. ("Aon") need not be produced as the material was generated by a non-testifying expert or, alternatively, was protected by the "work product" doctrine. Zurich dismisses the effort as a "bad document privilege" gambit.

---

[1] . . . "[s]tatements of fact made during settlement negotiations . . . are admissible. . ." Fed.R.Evid. 408 advisory committee's note (1974 Enactment). If the Court wanted to make "facts" conveyed in settlement negotiations inadmissible, it would have done so. Id.

1  Rule 26(b)(4)(B), Fed.R.Civ.P., states that "ordinarily" facts and opinions of an expert
2  retained or specially employed by a party in anticipation of litigation or to prepare for trial
3  are not discoverable.  To be protected, Aon's communications have to be generated after
4  being specially retained or employed to provide an opinion or to prepare for trial.

5  Aon's role is described by David Krall ("Krall"), who at all pertinent times was
6  General Counsel, Corporate Secretary, and Vice President of EPI.  In his deposition, Krall
7  described EPI's relationship with Aon as that of an insurance broker.  He described a long-
8  term relationship in which Aon researched EPI's insurance needs and then went out in the
9  market to obtain the best coverage at the best possible price.  When asked what Aon's role
10 was with respect to the Brock claim, Krall answered that Aon prepared and submitted the
11 claim.  When asked if EPI "specially" hired Aon to provide any litigation services in
12 connection with the claim, he answered, "I don't believe so.  I don't recall that happening."
13 Krall did not know if Aon gave EPI advice on how to maximize claims and described his
14 interaction with Aon in the Brock matter as "very small."

15 EPMC refers to Krall's affidavit for support.  Krall's affidavit (¶ 6) indeed states
16 that EPI began consulting with Aon to secure its expert assistance.  Krall's inconsistent
17 deposition testimony aside, the communication referred to in the Krall Affidavit,
18 however, does not support his broad conclusory statement.

19 The communication relied upon by Krall is a March 31, 2003 e-mail (Ex. D
20 attached to Krall Affidavit).  The subject e-mail simply provides an informational time
21 line regarding securing the insurance and a description of the information requested by
22 Zurich.

23 Succinctly, none of the material provided lends support to EPMC's contention that
24 Aon was hired "specially" to help EPMC prepare for litigation or provide an independent,
25 non-testifying expert opinion.  This was a long term broker-business relationship.  There
26 was a claim and the broker was simply helping its client to develop the facts, answer
27 Zurich's questions, and assist with the claim.
28

- 4 -

EPMC's alternative argument, that the material not produced is protected as work product under Rule 26(b)(3), Fed.R.Civ.P., also lacks merit. Assuming arguendo that the protection applies, the material sought is arguably relevant, and Zurich has a substantial need for the materials to prepare its case (double recovery potential) and the material is not available otherwise. As such, the material is not protected.

**D. Privilege Log**

Zurich contends that EPMC's privilege log lists documents that should not be protected. More specifically, Zurich argues that some documents appear to involve ordinary business activities, some involve communications where attorneys are merely copied, some do not involve lawyers at all, and finally, some have been disclosed to third parties. Zurich provides a list of "examples" for each category through Exhibits A, B, C and D attached to Zurich's supplemental memorandum (Doc. #108)

The court requested, and has been provided copies of all the documents listed in the referenced exhibits and has reviewed them in camera.

It is the proponent's burden to establish a privilege. U.S. v. Martin, 278 F.3d 988 (9th Cir. 2002). Privileges are not favored, and should be construed narrowly because their application may impede the fact-finder's search for the truth. Trammel v. United States, 445 U.S. 40, 46 (1980).

The court's conclusions and recommendations regarding the material produced are attached as Exhibit A.

From its review, the court also concludes that the privilege log is credible. Overall, there does not seem to be over-reaching, and therefore the court will not require the production of any additional material absent changed circumstances that are at once substantial and newly discovered.

///

### E. Request to Amend Case Management Order

The last issue involves Zurich's Motion to Amend Case Management Order (Doc. #107). The discovery deadline previously set was October 30, 2007. It is that deadline that Zurich is most interested in extending.

This litigation was transferred to this court in April of 2004. It was originally filed in state court in 2003. Through the course of discovery, Zurich has been provided for review over 30 packing boxes of documents from EPMC and voluminous other documents from third parties. There have been multiple trips to cities in four states and eleven depositions have been taken. Virtually everyone who has any direct knowledge of Brock's employment and the alleged fraud has been deposed. Nothing that has been produced contradicts EPI's contention that it was not until the latter part of 2001 that EPI became aware of circumstances requiring an investigation of Brock's alleged activities.

Apparently, Mr. Mattessich, one of several attorneys for Zurich, received an anonymous e-mail in December 2007, over four years after this litigation was originally filed in state court, from an individual who identified himself only as "Captain Morgan." "Captain Morgan," it appears, is good at telling tales, but woefully short on substance and commitment.[2] "Captain Morgan" refuses to come forward and be subject to examination on the particulars of his allegations. He has produced nothing tangible. Indeed, "Captain Morgan" arguably does not have any personal knowledge of these allegations at all as he told Mr. Mattessich that "I am a close associate of Mr. Brock and what I do not already <u>know from discussions with him</u>, I am sure I can find out." (Doc. #107-4 @ p.7, e-mail from "Captain Morgan" to Mattessich) (Emphasis added). Zurich has made no effort to depose Mr. Brock, apparently declining to indulge a futile act as counsel for Brock has

---

[2]"Captain Morgan" alleges that the legal department of EPI started investigating Brock as early as 1997 and condoned Mr. Brock's ownership in entities doing business with EPI. If this was established as fact, Zurich contends, it would defeat EPMC's theft insurance claims against Zurich.

". . . Naturally I do not want to get officially in the middle of a fight between your client and EaglePicher." (Doc. #107-4 @ p.2, e-mail from "Captain Morgan" to Mattessich).

- 6 -

indicated Brock would not cooperate and if deposed would invoke his right to remain silent.

A discovery deadline can be extended for good cause. Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). This litigation has pended for over four years. Discovery is closed. "Captain Morgan's" untimely e-mail campaign adds nothing. The argument, and evidence against extension overwhelm:

1) "Captain Morgan" names names and refers to reports. EPMC acknowledges that the information described by "Captain Morgan" is the type sought by Zurich's various discovery requests. EPMC, as a result of being advised of "Captain Morgan's" allegations, launched a new investigation and again reviewed its records to determine if additional material exists that should be produced. Each and every person, save one, named by "Captain Morgan" was re-interviewed and provided affidavits. No person - no document - has been found to support "Captain Morgan."

2) Mr. Brock, the one who would be most interested in this type of vindicating material, and the one who would have direct knowledge of the facts and circumstances supporting the claim, never raised it in his civil or criminal cases. It is recalled that Mr. Brock has a civil judgment against him and was sentenced to prison for his actions.

3) Nothing can be developed from Mr. Brock as he will refuse to testify (and as previously noted, it does not appear he has anything to provide). If "Captain Morgan" exists independent of Mr. Brock and decided to surface and cooperate, his testimony does not appear to be based on personal information and therefore would be excluded as hearsay.

In conclusion, the saying "too little too late" comes to mind. In reality, however, that would overstate the value of Zurich's motion. Zurich's motion serves up nothing to satisfy the "good cause" requirement and the inquiry stops there.

It is therefore respectfully recommended as follows:

1)      EPMC shall answer interrogatory number 9 regarding Rodman's field of expertise.

2)      EPMC shall produce all communications[3] provided to the court for an in-camera inspection between EPI and Federal.

3)      EPMC shall produce all communications[4] provided to the court for in-camera inspection between EPI and Aon.

4)      EPMC is to provide the documents designated "Disclose" on Exhibit A.

5)      Zurich's Motion to Amend Case Management Order is denied without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the

---

[3] Bates numbered Fed000001 to FED000062.

[4] Bates numbered ARSOH0062, ARSOH0095-0096, ARSOH00134, ARSOH00147-00151, ARSOH00163-00164, ARSOH00186-00190, ARSOH00201-00202, ARSOH00280, ARSOH00283-00288, ARSOH00314-00319, ARSOH00327, ARSOH346-00350, ARSOH00365-00368, ARSOH00377, ARSOH00380, ARSOH00383, ARSOH00386-00388, ARSOH00391, ARSOH00432-00436, ARSOH00440, ARSOH00449, ARSOH00452-00453, ARSOH00456-00458, ARSOH00461, ARSOH00463, ARSOH00468-00469, ARSOH00471, ARSOH00473-00474, ARSOH00477-00479, ARSOH00486-00490, ARSNY0019, ARSNY0022-0023, ARSNY0133-0134, ARSNY0138-0140, ARSNY0142-0143, ARSNY0147, PRIV004260, PRIV004347, PRIV004357, PRIV004371, PRIV004378, PRIV004380-004381, PRIV004384-004385, PRIV004387-004392, PRIV004394-004397, PRIV005073, PRIV005165, PRIV005167-005179, PRIV5212-5213, PRIV5216, PRIV5222-5226, PRIV5228-5229, PRIV5232-5233, PRIV5260-5261, AND PRIV5275-5277.

Report and Recommendation by the district court without further review.  <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003).

      If no appeal is taken from this Report and Recommendation, the material ordered provided hereby shall be provided within five days from the expiration of the appeal date. If appealed, production shall abide further instructions from Judge Murguia.

      DATED this 5th day of March, 2008.

_____
Edward C. Voss
United States Magistrate Judge

**EXHIBIT A**

| Bates Number | Court's Recommendation and Conclusion | |
|---|---|---|
| PRIV000056 | Substance of document is disclosed in privilege log | Disclose |
| PRIV000065 | Index | Disclose |
| PRIV000068 | Impressions of witness | Privileged |
| PRIV000069 | Witness info re Brock litigation | Privileged |
| PRIV000072 | Witness summary | Privileged |
| PRIV004002 | Handwritten observations | Privileged |
| PRIV004016 | Scheduling - nonlegal | Disclose |
| PRIV004019-4021 | Discussion, inter alia of recovery issues | Privileged |
| PRIV004022-23 | Informational only and involves disclosed document | Disclose |
| PRIV004033 | Update re Brock appraisal - no advice | Disclose |
| PRIV004036 | Update re Brock property | Disclose |
| PRIV004042 | Timeline workup and personal notes to file | Privileged |
| PRIV004082 | Coversheet | Disclose |
| PRIV004090 | Coversheet | Disclose |
| PRIV004123 | "Have a great weekend" | Disclose |
| PRIV004215-16 | Preliminary appraisal of Brock seized property | Disclose |
| PRIV004223 | Aircraft (Brock property) directions re litigation and fraudulent transfers | Privileged |
| PRIV004228 | Discussion of Brock assets and action to be taken | Privileged |
| PRIV004242-43 | Cover letter re draft of communication to Chubb | Disclose |
| PRIV004249 | Forwards Chubb contract | Disclose |
| PRIV004270 | Notice of missing endorsement | Disclose |

| | | |
|---|---|---|
| PRIV004287 | Report on Downey property. Not clearly connected w/any litigation | Disclose |
| PRIV004289 | Analysis of investigation costs re Chubb claim | Privileged |
| PRIV004348 | Description of meeting agenda and concerns of carriers | Disclose |
| PRIV004351-52 | Analysis of issues | Privileged |
| PRIV004363 | Forwards e-mail | Disclose |
| PRIV004364-65 | Request for status re claims | Disclose |
| PRIV004373 | Deposit info | Disclose |
| PRIV004759 | Wage info for Brock | Privileged |
| PRIV004782-83 | Asking for directions re appraisal | Privileged |
| PRIV004785-86 | More appraisal questions and discussion re next step | Privileged |
| PRIV004809 | Solicits advice of counsel | Privileged |
| PRIV004830-31 | Seeks advice re plane seizure | Privileged |
| PRIV004847-48 | Discussion re recovery of personal property | Privileged |
| PRIV004871-72 | Discussion re Chubb proof of loss | Privileged |
| PRIV004876-77 | Notes from interview | Privileged |
| PRIV004886 | Report re investigation | Privileged |
| PRIV004898 | Discussion of efficacy of Brock settlement | Privileged |
| PRIV004899-900 | Discussion re hanger maintenance | Disclose |
| PRIV004908 | Discussion of efforts to formulate counter-offer; discussions w/Krall | Privileged |
| PRIV004929 | Scheduling a meeting | Disclose |
| PRIV004930-32 | Updates - personal notes | Privileged |
| PRIV004954 | Results re asset/acct. search for Brock | Privileged |

| | | |
|---|---|---|
| PRIV004047 | Investigative results re Webster | Privileged |
| PRIV004089 | Timeline re disclosed communications between Chubb, Aon and Zurich | Disclose |
| PRIV004142 | Coversheet | Disclose |
| PRIV004150 | Request for verification of payment | Disclose |
| PRIV004151 | Misc "winding up" of property mgmt/disposition | Disclose |
| PRIV004304-5 | Description of options and action re hanger | Disclose |
| PRIV004357 | Request for info re Chubb declination | Disclose |
| PRIV004382 | Discussion re who will pursue claim | Disclose |
| PRIV004878 | Discussion re Brock litigation | Privileged |
| PRIV004967-68 | Discussion of correct sum to try to recover in criminal matter | Privileged |
| PRIV004972 | Inquiry re subpoena power | Privileged |
| PRIV004973 | Discussion re recovery of acct. balance and sale of aircraft | Privileged |
| PRIV004974 | Question re appraisal | Disclose |
| PRIV004099-100 | Worksheet re fraudulent invoices to pension plan | Privileged |
| PRIV004288 | Request for information | Disclose |
| PRIV004327-29 | Communication re legal/factual issue and approach in Brock litigation | Privileged |
| PRIV004801-03 | List of Brock accounts and analysis notes | Privileged |
| PRIV004836-38 | Discussion of how to proceed with Brock | Privileged |
| PRIV004847-48 | Discussion re expedited recovery of property | Privileged |

| | | |
|---|---|---|
| PRIV004850 | Forwards lawyer-to-lawyer communication re Brock litigation | Privileged |
| PRIV004871-72 | Draft of Chubb proof of loss w/request for comments | Privileged |
| PRIV004906 | Communication re possible cost to recover IT system | Disclose |
| PRIV004979-5008 | PowerPoint outline of Brock fraud. No evidence re when or if ever presented | Privileged |
| PRIV005010-5025 | Revised draft of PowerPoint | Privileged |
| PRIV000035-39 | Interview notes and observations | Privileged |
| PRIV000069 | Info re Brock's banker | Disclose |
| PRIV000072 | Witness summary and observations | Privileged |
| PRIV000074-78 | Witness summary and observations | Privileged |
| PRIV000081-82 | Witness summary and observations | Privileged |
| PRIV000091-93 | Witness summary and observations | Privileged |
| | | |