**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| EAGLEPICHER MANAGEMENT COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, et al. <br><br> Defendant. | No. CV 04-870-PHX-MHM <br><br> **ORDER** |

Currently before the Court is Magistrate Judge Edward C. Voss's March 5, 2008 Report and Recommendation (Dkt. #123) addressing certain discovery disputes between Plaintiff EaglePicher Management Company ("EPMC") and Defendant Zurich American Insurance Company ("Zurich"), as well as Zurich's February 7, 2008 motion to amend the Court's case management order (Dkt. #107).

Magistrate Judge Voss's Report and Recommendation recommends that the Court order the following: (1) EPMC must answer Zurich's expert interrogatory number nine regarding the field of expertise of EaglePicher's expert, Michael Rodman, because it is an elementary and important interrogatory; (2) EPMC must produce all communications provided to the Court for an in-camera inspection between EaglePicher, Inc. (EPMC's assignor) and Federal Insurance Company ("Federal") with respect to the settlement between EPI and Federal, because those communications are relevant with respect to a

1  potential overlapping of recovery regarding the Federal and Zurich policies, and the
2  potentially admissible evidence is the facts asserted by EPI in support of its effort to settle
3  with Federal; (3) EPMC must produce all communications provided to the court for in-
4  camera inspection between EaglePicher, Inc. and Aon Risk Services of Ohio, Inc.
5  ("Aon"), because there is no indication that Aon was hired "specially" to help EPMC
6  prepare for litigation or to provide an independent, non-testifying expert opinion, and as
7  such the material is not protected under FRCP 26(b)(4)(B) or as work product under FRCP
8  26(b)(3); (4) EPMC must provide the documents designated "Disclosure" in Exhibit A of
9  the Report and Recommendation, because although EPMC's privilege log is credible, the
10 Court has reviewed the documents in camera and finds that some of them are not
11 privileged; and (5) Zurich's motion to amend the Court's case management order is denied
12 without prejudice, because Zurich's motion does not satisfy the good cause requirement
13 for extending the discovery deadline in this case.  (Dkt. #123).

14       A district court "must review the magistrate judge's findings and recommendations
15 de novo if objection is made, but not otherwise."  United States v. Reyna-Tapia, 328 F.3d
16 1114, 1121 (9th Cir. 2003) (en banc); see 28 U.S.C. § 636(b)(1)(C) ("A judge of the court
17 shall make a de novo determination of those portions of the report or specified proposed
18 findings or recommendations to which objection is made.").  "Failure to object to a
19 magistrate judge's recommendation waives all objections to the judge's findings of fact."
20 Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

21       Despite leave to do so as expressly stated in Magistrate Judge Voss's Report and
22 Recommendation, the parties did not file objections to the Report and Recommendation
23 pursuant to 28 U.S.C. § 636(b)(1).  (Dkt. #123, pp. 8-9).  As such, the parties have waived
24 all objections to Magistrate Judge Voss's Report and Recommendation.  After reviewing
25 the Report and Recommendation in light of the record and the parties' pleadings, including
26 EPMC's March 4, 2008 notice of supplemental authority regarding one of the parties'
27 discovery disputes (Dkt. #122), the Court finds itself in complete agreement with the
28

1  Report and Recommendation. Magistrate Judge Voss thoroughly and properly addressed
2  the parties' discovery disputes and Zurich's motion to amend the Court's case
3  management order. As such, the Court will adopt in full Magistrate Judge Voss's Report
4  and Recommendation.

5  **Accordingly,**

6  **IT IS HEREBY ORDERED** that Magistrate Judge Edward C. Voss's Report and
7  Recommendation (Dkt. #123) is adopted in full as the order of the Court.

8  **IT IS FURTHER ORDERED** that EaglePicher Management Company ("EPMC")
9  must answer Defendant Zurich American Insurance Company's ("Zurich") Expert
10 Interrogatory #9 regarding EPMC's expert Michael Rodman's field of expertise.

11 **IT IS FURTHER ORDERED** that EPMC must produce all communications
12 provided to the Court for an in-camera inspection between EaglePicher, Inc. and Federal
13 Insurance Company to Zurich.

14 **IT IS FURTHER ORDERED** that EPMC must produce all communications
15 provided to the Court for in-camera inspection between EaglePicher, Inc. and Aon Risk
16 Services of Ohio, Inc. to Zurich.

17 **IT IS FURTHER ORDERED** that EPMC must provide Zurich with the
18 documents designated "Disclosure" in Exhibit A of the Report and Recommendation.

19 **IT IS FURTHER ORDERED** that Zurich's motion to amend the Court's case
20 management order (Dkt. #107) is DENIED without prejudice.

21 DATED this 14th day of April, 2008.

_____
Mary H. Murguia
United States District Judge